# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

August 8, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 06-3708

GANDHI GUTTA,

          *Plaintiff-Appellant*,

        *v.*

STANDARD SELECT TRUST
INSURANCE PLANS,

          *Defendant-Appellee.*

Appeal from the United States
District Court for the
Northern District of Illinois, Eastern
Division.

No. 04 C 5988

**Blanche M. Manning**, *Judge*.

**O R D E R**

Plaintiff-Appellant filed a petition for rehearing and rehearing *en banc* on July 10, 2008, and Defendant-Appellee filed its answer on July 28, 2008.  No judge in regular active service has requested a vote on the petition for rehearing *en banc*, and all members of the original panel have voted to **DENY** rehearing.  Accordingly,

**IT IS ORDERED** that the petition for rehearing and rehearing *en banc* is **DENIED**.

**IT IS FURTHER ORDERED** that the opinion released on June 26, 2008, is amended as follows:

Plaintiff-Appellant Gutta's petition for rehearing argued that this court's opinion failed to give proper weight to the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008). In *Glenn*, the Court found that there is a conflict of interest

-over-

when the entity that administers a plan under ERISA is responsible for both determining whether an employee is eligible for benefits and for paying benefits out of its own pocket. *Id.* at 2346. Standard Select Trust Insurance Plans ("Standard") had such a dual role, and so Gutta argues that we must reconsider our decision denying his claim for benefits.

In our view, however, nothing in *Glenn* requires a different result in Gutta's particular case. *Glenn* reaffirmed the rules for deciding whether a *de novo* or abuse-of-discretion standard of review should be applied, citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989). That is the framework we applied when we decided that the deferential abuse-of-discretion (or arbitrary and capricious) standard was proper for this case. *Glenn* also made it clear that the conflict of interest it identified is just one of many factors that might help demonstrate an abuse of discretion. "Any one factor," it concluded "will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." 128 S.Ct. at 2352.

Here, even acknowledging Standard's dual role and thus conflict of interest, we do not find the other factors to be closely balanced. The administrator took into account the views of 12 doctors; a number of experts believed that even with his vision problems and his arthritis, Gutta was capable of performing sedentary to light-level work, in particular administrative work; and the record showed that Gutta had 10 1/2 years' experience in administrative positions, that he had owned and operated a medical practice for over 20 years, and that he had some administrative experience in hospitals. Even adding Standard's conflict of interest into the balance, we continue to be convinced that there was no abuse of discretion in the decision to deny Gutta's benefits.